UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00263-FDW

| | |
|---|---|
| JASON VICKS and MEKEISHA VICKS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| OCWEN LOAN SERVICING, LLC and ) | |
| JOHN DOE 1-5 ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court upon Defendant Ocwen Loan Servicing, LLC's ("Defendant") Motion to Dismiss. (Doc. No. 3). The motion seeks dismissal of Plaintiffs Jason and Mekeisha Vick's (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant separately moves the Court to enter a pre-filing injunction against Plaintiffs. (Doc. No. 6). For the reasons stated herein, Defendant's Motion to Dismiss (Doc. No. 3) is GRANTED IN PART and DENIED IN PART as moot. Additionally, Defendant's Motion for a Pre-filing Injunction is DENIED.

1. **BACKGROUND**

On May 25, 2016, Plaintiffs filed the instant action invoking diversity jurisdiction. (Doc. No. 1). While Plaintiffs' pleadings are often difficult to follow, their position is perhaps most succinctly summarized as "trying to get a loan servicer to stop attempting to complete a foreclosure action." Id. at ¶1. The foreclosure at issue in this case is, apparently, the same as that presented in a separate case already remanded to North Carolina State Court. See Vicks v. Wells Fargo, 3:16-cv-269-FDW.

1

The foreclosure at issue originates from an action brought in the Superior Court of Union County, North Carolina. (Doc. No. 3). In the state foreclosure action, the Clerk of Union County Superior Court entered an Order allowing Wells Fargo to proceed with foreclosure under a Deed of Trust in May 2011. Id. Since that time, Plaintiffs have filed six separate lawsuits (three in state court, three in this district) and nine separate motions in various attempts to collaterally attack the Union County Clerk of Court's May 2011 Order. Id. at 5. When these attempts proved unsuccessful, Plaintiffs allegedly proceeded to file fourteen complaints with the Consumer Financial Protection Bureau ("CFPB"). Id. at 6. Plaintiffs' attempts to disrupt or prevent the foreclosure have now culminated in removing a pending state court case to this Court—that matter has already been remanded[1]—and the instant suit.

The Complaint seeks relief under a number of theories, including: (1) a Declaration that "any rights to the loan before April 19, 2011, simply did not exist"; (2) violations of N.C. Gen. Stat. § 45-102; (3) violations of RESPA Regulation X, 12 C.F.R. § 1024.35; (4) violations of the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50-56; and (5) Intentional Infliction of Emotional Distress. Id. Plaintiffs' prayer for relief seeks monetary damages—actual, general, and punitive—but omits any reference to the declaratory relief sought in Plaintiffs' first cause of action. Id. at 14. The Court, nonetheless, liberally construes Plaintiffs' Complaint to seek both legal and equitable remedies.[2]

---

[1] Vicks v. Wells Fargo, et al., 3:16-cv-269-FDW
[2] Additionally, the Court notes that Plaintiffs make passing reference to seeking "a leave to amend the complaint to correct typographical [sic] error in paragraph 26 and 27, where the spacing cut off the sentence and to correct the numbering errors." (Doc. No. 10, p. 6). The Court further notes that Plaintiffs misnamed "Plaintiff(s) Motion to Dismiss," (Doc. No. 10), was filed within the period in which Plaintiffs were free to amend their Complaint as of right and requesting leave to amend was, therefore, unnecessary. For purposes of the pending Motion to Dismiss, however, the Court finds that amending the complaint to correct a typographical error would neither cure the jurisdictional defects nor rectify the factual and legal deficiencies in Plaintiffs' pleadings.

## 2. STANDARD OF REVIEW

In reviewing Defendant's Motion, the Court must first determine whether or not it has jurisdiction to hear the case. The plaintiffs have the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Even though Defendants did not move to dismiss for lack of subject matter jurisdiction, it is well-recognized in our jurisprudence that the issue of subject matter jurisdiction may be raised *sua sponte.* See Contrick v. Ryan, 540 U.S. 443, 455 (2004); Fed.R.Civ.P. 12(h)(3).

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

## 3. ANALYSIS

Subject matter jurisdiction is a threshold matter. Only if the Court finds that it may properly exercise jurisdiction over this dispute will its analysis turn to the remaining claims, if any. Accordingly, the Court will first determine whether jurisdiction exists.

### A. *SUBJECT MATTER JURISDICTION*

Under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. See 28 U.S.C. § 1257(a).

The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). North Carolina law specifically provides that a Clerk's order authorizing the sale of foreclosed property is a judicial act. N.C. Gen. Stat. § 45-21.16(d1). In the context of a state foreclosure proceeding, Rooker-Feldman prohibits claims brought in federal court that may "succeed only to the extent that the state court wrongly decided the foreclosure action." Postma v. First Federal Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996); see also SunTrust Mortg., Inc. v. Pippin, No. 5:10-cv-1, 2012 WL 5023109, at *4 (W.D.N.C. Oct. 16, 2012).

Not only do federal courts lack subject matter jurisdiction over claims actually decided in state foreclosure proceedings, they also lack subject matter jurisdiction over any matter

4

inextricably intertwined with the state foreclosure proceeding. The Rooker-Feldman doctrine bar, "extends not only to issues actually presented to and decided by a state court, but also to issues that are 'inextricably intertwined' with questions ruled on by a state court." Brumbly v. Seutshe Bank Nat'l Trust Co., No. 1:09CV144, 2010 WL 617368, at *2 (M.D.N.C. Feb. 17, 2010) (Dixon, Mag. J.) (citing Plyer v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)), adopted by Brumby, Jr. v. Deutsche Bank Nat. Trust Co., 1:09-cv-144, 2010 WL 3219353 (M.D.N.C. Aug 13, 2010).

A federal claim is inextricably intertwined with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Id. The Rooker-Feldman doctrine is particularly relevant when there is a means of appeal provided by the state. See Washington v. Wilmore, 407 F.3d 274 (4th Cir. 2005) (finding Rooker-Feldman did not bar a claim, in part because there was no mechanism by which the plaintiff could obtain state court resolution).

While Plaintiffs do not directly appeal the Clerk's decision here, the Court would still be required to effectively invalidate the judicial findings made in the state court foreclosure action in order to grant any of the relief sought. The gravamen of Plaintiffs' lawsuit against Defendants' is "trying to get a loan servicer to stop attempting to complete a foreclosure action." (Doc. No. 1). Furthermore, Plaintiffs state the nature of their case as arising from Defendants' attempt to sell the Property without having lawful claim to it, for not having a valid debt, and for wrongful foreclosure. See id. Thus, it is evident from the Complaint that what Plaintiffs are challenging is Defendant's ability to foreclose and sell the property.

5

However, the Clerk of Union County Superior Court found the debt was valid, the debtors were in default, and the noteholder had the right to foreclose under power of sale. (Doc. No. 4-1). Plaintiffs seek a judgment that, if granted, necessarily would find the Clerk's order erroneously entered. Plaintiffs' first four causes of action[3] are, therefore, "inextricably intertwined" with the state court's decision and unreviewable under the Rooker-Feldman doctrine. This is especially so since under the governing North Carolina statute, Plaintiffs had the opportunity to appeal the foreclosure order in state court. The Court finds that it lacks subject matter jurisdiction over Plaintiffs' first four claims for relief.

B. DISMISSAL OF PLAINTIFFS' REMAINING IIED CLAIM

Plaintiffs' claim for Intentional Infliction of Emotional Distress ("IIED") must also be dismissed. The essential elements of an intentional infliction of emotional distress action are "1) extreme and outrageous conduct by the defendant 2) which is intended to and does in fact cause 3) severe emotional distress." Dickens v. Puryear, 302 N.C. 437 (1981). Severe emotional distress means "any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition *which may be generally recognized and diagnosed by professionals* trained to do so." Waddle v. Sparks, 331 N.C. 73, 83 (1992) (emphasis added). Claims for infliction of emotional distress are "not justiciable" where, at the time of the filing of the complaint, the plaintiff "ha[s] not sought any medical treatment or received any diagnosis for any condition that could support a claim for severe emotional distress." Fox–Kirk v. Hannon, 142 N.C. App. 267, 281 (2001).

---

[3] (1) Declaratory relief; (2) violations of N.C. Gen. Stat. § 45-102; (3) violations of 12 C.F.R. § 1024.35; and (4) violations of N.C. Gen. Stat. § 75-50-56

While it appears at first blush that the factual content of Plaintiffs' pleadings with respect to IIED is fatally insufficient, this claim also fails as a matter of law. Leaving aside whether Plaintiffs' allegations set forth a plausible claim of "extreme and outrageous conduct"—a high burden in itself—Plaintiffs doom this claim on its face by failing to allege an essential element of the tort. The Complaint lacks any specific allegations of emotional or mental disorders or severe and disabling emotional or mental conditions suffered by both or either of the Plaintiffs. Indeed, Plaintiffs fail to identify any particular mental or emotional condition or the nature of either Plaintiff's emotional distress—let alone any actual diagnosis of, or treatment for, a disabling condition. Therefore, Plaintiffs' claim for IIED must also be dismissed under Fed. R Civ. P. 12(b)(6).

C. DENIAL OF DEFENDANT'S MOTION FOR PRE-FILING INJUNCTION

Defendant Ocwen also moves for a pre-filing injunction because "Plaintiffs' frivolous filings for the past five years have resulted in a substantial hardship and great expense to the Defendant." (Doc. No. 7, pp. 1-2). The All Writs Act, 28 U.S.C. § 1651(a), allows a federal court to limit access to the courts for vexatious and repetitive litigants. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). "There are no exceptions for pro se litigants." Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998) (quoting Mallon v. Padova, 806 F.Supp. 1189 (E.D. Pa. 1992)). However, the use of a pre-filing injunction against a *pro se* plaintiff should be approached with caution and should be used as the exception to the rule of free access to the courts. Cromer, 390 F.3d at 817 (citing Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

> In determining whether a prefilling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or

7

simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer, 390 F.3d at 817-18.

Additionally, the "district court must afford the litigant notice and an opportunity to be heard." Larrimore v. Williamson, 288 Fed. App'x. 62, 63 (4th Cir. 2008) (unpublished) (quoting Cromer, 390 F.3d at 819).

"The court is given substantial discretion to craft appropriate sanctions, and an injunction from filing any further actions is an appropriate sanction to curb groundless, repetitive, and frivolous suits: 'A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court.'" Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998) (quoting Lysiak v. Commissioner of Internal Revenue, 816 F.2d 311, 313 (7th Cir. 1987)). The Court must narrowly tailor the injunction to fit the circumstances at issue. Cromer, 390 F.3d at 818.

The Court acknowledges that Plaintiffs appear to have a history of filing repetitive and vexatious lawsuits, both in state and federal court, and administrative complaints. The repeated denial of relief at the state and federal level, the admonishment by the North Carolina Court of Appeals, and now the remand and dismissal—respectively—of Plaintiffs' two most recent actions in this Court should indicate to Plaintiffs that continued pursuit of relief related to the state foreclosure smacks of harassment. The Court finds that Plaintiffs' litigiousness lacks good faith and are a burden on judicial and Defendant's resources.

Defendant's motion for a pre-filing injunction and Plaintiffs' subsequent response maybe minimally sufficient to alleviate the Court's due process concerns over issuing a pre-filing

8

injunction against a *pro se* litigant. However, out of an abundance of caution and because Plaintiffs have not yet received any specific warning regarding the potential issuance of a pre-filing injunction from this district, the Court declines to impose a pre-filing injunction at this time. <u>Such leniency will not be extended in future filings</u>.

### 4. CONCLUSION

Plaintiffs' latest Complaint is nothing more than an attempt to re-litigate claims already adjudicated on the merits in North Carolina State Court. Plaintiffs' repetitive, vexatious, and duplicative filings have demonstrated a lack of respect for the judicial process and caused all participants to expend considerable resources. The Court will not entertain frivolous filings. By declining to enjoin Plaintiffs today, the Court in no way condones the *pro se* litigants' conduct in these matters. Therefore, based upon aforementioned considerations **<u>the Court expressly warns Plaintiffs that any future filings of frivolous documents in this Court against any of the named Defendants in this case, or any frivolous action in a subsequent case will result in Rule 11 sanctions and/or the issuing of a pre-filing injunction order. Such sanctions or injunction could issue *sua sponte*, that is, without motion from Defendants.</u>**

**IT IS, THEREFORE, ORDERED** that Plaintiffs' first four causes of action, (1) Declaratory relief; (2) violations of N.C. Gen. Stat. § 45-102; (3) violations of 12 C.F.R. § 1024.35; and (4) violations of N.C. Gen. Stat. § 75-50-56, are DISMISSED for lack of subject matter jurisdiction. Defendant's Motion to Dismiss (Doc. No. 3) with respect to these claims is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. No. 3) is **GRANTED** with respect to Plaintiffs' remaining claims. Plaintiffs' Pro Se Complaint (Doc. No.

1) is **DISMISSED**. .

**IT IS FURTHER ORDERED** that Defendant's Motion for Pre-filing Injunction (Doc. No. 6) is **DENIED. However, Plaintiffs are <u>CAUTIONED that further filing of frivolous documents in this Court against any of the named Defendants in this case, or any frivolous action in a subsequent case will result in Rule 11 sanctions (for ex. a monetary fine) and the issuing of a pre-filing injunction order. Such sanctions or injunction could issue *sua sponte*, that is, without motion from Defendants.</u>**

**IT IS SO ORDERED.**

Signed: July 14, 2016

Frank D. Whitney
Chief United States District Judge