UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00263-FDW

| | |
|---|---|
| JASON VICKS and MEKEISHA VICKS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| OCWEN LOAN SERVICING, LLC and ) | |
| JOHN DOE 1-5, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court upon the mandate of the Fourth Circuit, which affirmed in part, vacated in part, and remanded for further proceedings this Court's Order dismissing Plaintiffs' Complaint. See Vicks v. Ocwen Loan Servicing, LLC, No. 16-1909, 2017 WL 360546 (4th Cir. Jan. 25, 2017). Upon remand, Defendant filed an Amended and Renewed Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 20). The matter is fully briefed and is ripe for review. For the reasons stated herein, Defendant's motion is GRANTED, and Plaintiffs' Complaint is DISMISSED.

On May 25, 2016, Plaintiffs filed the instant action invoking diversity jurisdiction. (Doc. No. 1). While Plaintiffs' pleadings are often difficult to follow, their position is perhaps most succinctly summarized as "trying to get a loan servicer to stop attempting to complete a foreclosure action." (Id. at ¶ 1). The foreclosure at issue in this case is, apparently, the same as that presented in a separate case already remanded to North Carolina State Court. See Vicks v. Wells Fargo, No. 3:16-cv-269-FDW.

The foreclosure at issue originates from an action brought in the Superior Court of Union County, North Carolina. (Doc. No. 3). In the state foreclosure action, the Clerk of Union County Superior Court entered an Order allowing Wells Fargo to proceed with foreclosure under a Deed of Trust in May 2011. (Id.). Since that time, Plaintiffs have filed six separate lawsuits (three in state court, three in this district) and nine separate motions in various attempts to collaterally attack the Union County Clerk of Court's May 2011 Order. (Id. at 5). When these attempts proved unsuccessful, Plaintiffs allegedly proceeded to file fourteen complaints with the Consumer Financial Protection Bureau ("CFPB"). (Id. at 6). Plaintiffs' attempts to disrupt or prevent the foreclosure have now culminated in removing a pending state court case to this Court—that matter has been remanded[1]—and the instant suit.

Though not entirely clear, Plaintiff's Complaint seeks relief under a number of theories, including four claims for relief: (1) a Declaration that "any rights to the loan before April 19, 2011, simply did not exist"; (2) violations of N.C. Gen. Stat. § 45-102; (3) violations of RESPA Regulation X, 12 C.F.R. § 1024.35; (4) violations of the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50-56; and (5) Intentional Infliction of Emotional Distress ("IIED"). (Doc. No. 1). Plaintiffs' prayer for relief seeks monetary damages—actual, general, and punitive—but omits any reference to the declaratory relief sought in Plaintiffs' first cause of action. The Court, nonetheless, liberally construes Plaintiffs' Complaint to seek both legal and equitable remedies.

On July 14, 2017, this Court entered an Order (1) dismissing Plaintiffs' first four claims based on the Rooker-Feldman doctrine and (2) dismissing the fifth claim for IIED under Fed. R. Civ. P. 12(b)(6). (Doc. No. 11). The Fourth Circuit vacated and remanded this Court's dismissal

---

[1] Vicks v. Wells Fargo, et al., No. 3:16-cv-269-FDW.

of Plaintiffs' first four claims, concluding that the Rooker-Feldman doctrine did not apply in this case. Vicks, No. 16-1909, 2017 WL 360546, at *2. The Fourth Circuit further stated, however, that it "express[es] no opinion as to the legal sufficiency of [Plaintiffs'] reinstated claims or to the application of the doctrines of issue preclusion and claim preclusion to those claims." Id. Upon remand to this Court, Defendant filed the instant Amended and Renewed Motion to Dismiss (Doc. No. 20) requesting that the Court dismiss the first four claims in Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2]

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

Plaintiff's first two claims are barred by the doctrine of collateral estoppel. Under that doctrine, "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." Thomas M. McInnis & Assocs., Inc. v. Hall, 349 S.E.2d 552,

---

[2] The Fourth Circuit affirmed this Court's dismissal of Plaintiff's IIED claim. Therefore, that issue is not before this Court upon remand.

557 (1986). In North Carolina, before authorizing a foreclosure to proceed, the clerk must determine that a valid debt exists, the debtor is in default, the trustee has the right to foreclose, and sufficient notice was given. See N.C. Gen. Stat. § 45-21.16(d). A party may appeal the foreclosure action to the superior court for a *de novo* hearing that is limited to the same issues. Funderburk v. JPMorgan Chase Bank, N.A., 775 S.E.2d 1, 6 (N.C. Ct. App. 2015). "Any issue that the clerk decides in a foreclosure proceeding under N.C. Gen. Stat. § 45-21.16(d) is conclusive unless appealed and reversed and cannot be relitigated in a subsequent lawsuit." Hardin v. Bank of Am., N.A., No. 7:16-CV-75-D, 2017 WL 44709, at *5 (E.D.N.C. Jan. 3, 2017).

Plaintiffs' first two claims rests upon the premise that no valid debt existed and that Defendant failed to provide the required pre-foreclosure notice. (Doc. No. 1, ¶¶ 35, 40). The North Carolina clerk, however, resolved these issues against Plaintiffs in the foreclosure proceeding, which is binding and conclusive on those issues. Plaintiffs fail to allege a legitimate reason why this Court should disregard the valid and binding state court determinations, and those determinations are fatal to Plaintiffs' first two claims.

Plaintiff's third and fourth claims allege that Defendant violated state law by proceeding with the foreclosure without providing the required pre-foreclosure notice and by unfairly collecting the debt. (Doc. No. 1, ¶¶ 41, 48). Plaintiffs, however, cannot prosecute claims based upon errors that run contrary to the final and binding Order of Foreclosure in which the clerk found that Wells Fargo was allowed to proceed with foreclosure under the Deed of Trust. See Funderburk, 775 S.E.2d at 7 ("Where the foreclosures were conducted pursuant to orders by the clerk and superior court judge, we hold plaintiffs cannot recover damages resulting from the foreclosures."). Accordingly, these claims also fail.

4

"Moreover, to the extent that [Plaintiffs] failed to raise any of these issues as a defense in the underlying foreclosure proceeding, the doctrine of res judicata bars [Plaintiffs] from raising them here." Hardin, No. 7:16-CV-75-D, 2017 WL 44709, at *5; see Goins v. Cone Mills Corp., 367 S.E.2d 335, 336-37 (N.C. Ct. App. 1988) (noting that res judicata bars "every ground of recovery or defense which was actually presented or which could have been presented in the previous action").[3] Plaintiffs were a party to and addressed their concerns with the foreclosure through all levels of the state court judicial system, including the Clerk, Superior Court, and the Court of Appeals. Not only were Plaintiffs consistently denied the relief they sought, but the foreclosure was consistently upheld.

In sum, Plaintiffs essentially seek to attack and undermine the legitimacy of the state foreclosure proceedings that found a valid debt, in default, subject to foreclosure, and the validity of the foreclosure has been previously litigated in various state court actions. Plaintiffs may not now challenge collection and foreclosure efforts predicated upon a valid Order of Foreclosure. Accordingly, Plaintiffs' claims are barred by the doctrines of collateral estoppel and res judicata, and Plaintiffs' Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

---

[3] Plaintiffs cite to In re Lucks, 794 S.E.2d 501 (N.C. 2016), for the proposition that the doctrines of collateral estoppel and res judicata do not apply to non-judicial foreclosure actions. In that case, however, the North Carolina Supreme Court held that the doctrines do not apply in their "traditional" sense in that once the clerk or trial court denies authorization for a foreclosure sale, a creditor may not seek a non-judicial foreclosure based on the *same default*. Id. at 506-07. The creditor "may nonetheless proceed with foreclosure by judicial action" or "proceed with foreclosure based upon a *different default*." Id. at 507. Accordingly, contrary to Plaintiff's assertion, In re Lucks did not hold that res judicata and collateral estoppel do not apply to the circumstances presented in this case.

IT IS, THEREFORE, ORDERED that Defendant's Amended and Renewed Motion to Dismiss (Doc. No. 20) is GRANTED, and Plaintiffs' Complaint (Doc. No. 1) is DISMISSED.

The Clerk of Court is respectfully directed to close this case.

IT IS SO ORDERED.

Signed: June 8, 2017

Frank D. Whitney
Chief United States District Judge